UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON PATTON,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAMSON COUNTY et al.,<br><br>    Defendants. | Case No. 3:20-cv-00422<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Eli J. Richardson, District Judge

### REPORT AND RECOMMENDATION

The docket in this civil rights action brought under 42 U.S.C. § 1983 shows that pro se Plaintiff Jason Patton has not served any of the defendants named in his complaint and no defendant has yet appeared. On August 20, 2020, the Court ordered Patton to show cause why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 4(m) and warned Patton that failure to respond could result in a recommendation of dismissal. (Doc. No. 5.) Patton has not responded to the Court's show-cause order. For the reasons that follow, the Magistrate Judge will recommend that this action be dismissed without prejudice under Rule 4(m).

**I.**     **Factual and Procedural Background**

Patton filed this action on May 15, 2020, alleging that Defendants Williamson County, Tennessee; the City of Franklin, Tennessee; the City of Brentwood, Tennessee; and John Doe Defendants 1–3 "us[ed] government agency resources to defame [Patton] while threatening his life." (Doc. No. 1, PageID# 2.) On June 1, 2020, the Court informed Patton "that **he is responsible for effecting service of process on Defendants** in accordance with the Rule 4 of the Federal Rules

of Civil Procedure" and referred him to additional service-related resources available on the Court's website. (Doc. No. 4, PageID# 16.) The docket shows that Patton never asked the Clerk of Court to issue summonses to the defendants.

On August 20, 2020, the Court ordered Patton to show cause by September 10, 2020, why the Magistrate Judge should not recommend that this action be dismissed under Rule 4(m) for failure to effect service of process. (Doc. No. 5.) The Court warned Patton that failure to respond to the show-cause order could result in a recommendation of dismissal. (*Id.*) Patton has not responded to the Court's show-cause order, and there is no indication that summonses have issued or been served on any of the defendants.

**II.     Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the

plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.     Analysis**

This action has been pending for over 145 days without service of process on any defendant. The Court notified Patton at the outset of the litigation that he is responsible for serving process on each defendant in accordance with the Federal Rules of Civil Procedure and pointed him to resources for accomplishing service. (Doc. No. 4.) When the time for service under Rule 4(m) had passed, the Court issued a show-cause order reminding Patton of his responsibility to effect service of process and providing him with an opportunity to explain why the Court should extend the time for service rather than dismiss his claims. (Doc. No. 5.) Patton did not respond.

The fact that Patton appears pro se does not excuse his failure to comply with the Court's orders. *See Cantrell v. Parker Corp.*, Civ. No. 3:13-1395, 2014 WL 7366100, at *1–2 (M.D. Tenn.

Dec. 23, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to comply with court orders and Rule 4(m)). Because Patton has not served any defendant in this action in compliance with Rule 4 despite ample time to do so, notice that failure may result in dismissal, and an opportunity to show good cause to excuse his failure, dismissal without prejudice under Rule 4(m) is appropriate.

**IV.     Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 4(m).

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 13th day of October, 2020.

                                                 ALISTAIR E. NEWBERN
                                                 United States Magistrate Judge